UNITED STATES DISTRICT COURT
For the

Eastern District of Louisiana

Division

Case No._____

RUFUS JOHNSON and
SANDRA LUMMER
   PLAINTIFFS

Jury Trial:  **YES**

   -versus-

THE CITY OF NEW ORLEANS and
NEW ORLEANS RECREATION DEVELOPMENT COMMISSION
   DEFENDANTS

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

   **I.**   **The Parties to This Complaint**

      **A.**   **The Plaintiff(s)**

         Plaintiff No. 1
         Rufus Johnson
         14120 Kingswood Drive
         New Orleans, LA 70128  [Orleans Parish]

         Plaintiff No. 2
         Sandra Lummer
         2613 India Palm Drive
         Edgewater, FL 32141 [Volusia County]

**B.     The Defendants herein are as follow:**

The City of New Orleans, Louisiana, is a municipal corporation organized in the State of Louisiana in accordance with Title 33 of the Louisiana Revised Statute; and the New Orleans Recreation Development Commission, a creature of the City of New Orleans.

**II.     Basis for Jurisdiction**

This action is being brought for discrimination in employment in accordance with 28 U.S.C. §1331; the First Amendment and Fourteenth Amendments to the U.S. Constitution and Title VII of the Civil Rights Act of 1964 as Codified, 42 U.S.C. §2000e to 2000e-17 (Race, Gender, and Retaliation).  This court has supplemental jurisdiction of the claims of plaintiffs for relief under L.S.A.-R.S. 23:967 and L.S.A.-R.S. 23:332. Moreover, both plaintiffs were the victims of retaliatory discharge because they complained about the discriminatory treatment of others and the denial of the Constitutional entitlements of those persons.

1.

That at all times relevant herein defendant City of New Orleans hereinafter referred to as "City" operated, managed and funded the New Orleans Recreation Department hereinafter referred to as "NORD "and was responsible for its conduct. Moreover, NORD is an agent of the City.

2.

That by way of historical overview, NORD is responsible for the maintenance and operation of public recreational opportunities throughout city; and it is the organ of the city that maintains on a yearly basis twenty recreational facilities in various localities. Each facility has a swimming pool accessible to the public; and they employ nearly one hundred persons, to include management personnel and lifeguards.

Rufus Johnson

3.

That plaintiff Rufus Johnson was hired by NORD in April 2013 and worked continuously for the department until September 2017 as a senior lifeguard at which time he was forced to resign. He returned back to work June 2018 and worked there until September 2018. That NORDC decided to release him because he defended and supported plaintiff Lummer in September. During the course of his employment, he complained about the mistreatment of patrons, and the discriminatory actions of others vis-à-vis, plaintiff Lummer; and several other co-workers.

4,

That during the course of Johnson's employment with NORD, plaintiff Johnson attempted to complain to Maya Wyche and the CEO's office that NORD was defrauding the taxpayers of public funds by inflating the number of children being served by the program; not properly training the children ; and improperly training the life guards.

5

That defendants violated the First Amendment rights of plaintiff Rufus Johnson under the U.S. and Louisiana Constitutions by terminating his employment and taking various other adverse employment actions against Johnson because he complained about discriminatory acts against Sandra Lummer and other co-workers. Moreover, they sought to "muzzle" him for complaints about violations of the Americans for Disabilities Act, public fraud, theft, and misrepresentation.

6

That in addition to the foregoing, plaintiff Johnson alleges that when he complained to Judena Boudreau, Chief of Staff of NORD in August 2018 about the discriminatory treatment of Sandra Lummer, defendants refused to give him a permanent position as a senior lifeguard notwithstanding his tenure, skillset, and experience. Their failure to do so was a direct result of his history of complaining about illegal activities and blatant racism and discrimination against Sandra Lummer.

7

That in February 2017 plaintiff complained to the CEO about the mistreatment of an autistic child whose name is Tyler Gilmore age 12 by Kristopher Lewis who removed the child from Sanchez Pool because of the child's disability and Lewis' refusal to accommodate the child. As a result of this complaint, management cancelled petitioner's advanced swimming classes; encouraged another lifeguard to file a false sexual harassment complaint against him; and transferred him to another pool.

8

That plaintiff is in the process of transcribing an audio recording of key NORD employees discussing how they had effectively gotten rid of Sandra Lummer; and how they would no longer indulge and tolerate the presence of plaintiff Rufus Johnson. Significantly, petitioner Rufus Johnson transmitted this audio to Mayor Latoya Cantrell and her assistant Casey Johnson.

The scope and nature of Johnson's complaints and the adverse actions taken against Johnson are further set forth in his own words hereinbelow:

I)  9/1/2018—"Marquez Green and David Reed calculatingly excluded me from permanent employment with NORDC because they claimed that I was with Club Sandy the female Hitler"… meaning that I was supporting "a racist white lady, another term they would use to display disrespect for females in authority."

II)  6/4/2018 – "David Reed offered me a year round position at the beginning of the summer but specifically made it clear that I would have to take a demotion even though I have been in the same supervisory position for the past 5-plus years. His excuse was that "Shonnda said you have to start at the bottom,; I had gone back to my old ways. His decision came after I told him I am not going against Sandy because those are the same immoral tactics used against me previously causing my resignation. Once Sandy was officially dismissed DR decided he did not have a place for me. Ironically, I received a text message on 10/5/2018 from DR stating, "Rufus we are conducting interviews for year-round if you are interested in an having an interview we need people now."

III) 6/1/2018 – "Warren Matthews was constantly addressing me in a harassing manner with threats of relieving me of my duties because he accused me of insubordination. In reality, WM was retaliating against me because I refused to participate in a conspiracy to have the Aquatics Director Sandra Lummer fired after he created a rumor that Ms. Lummer was a racist in order to hide the fact that the program is failing with the current administration. When Ms. Lummer started to investigate, it was also speculated that Warren Matthews had some extreme sexual harassment allegations against him by former female staff that were never investigated--- just swept under the rug with the reporting party(s) conveniently being relieved of their duties and then put on a do not rehire list without explanation by CPO Shonnda Smith."

IV) 10/2015 – 9/2017 – "Kristopher Lewis is the orchestrator of this collusion in most of the latter discriminating and retaliatory acts being utilized against me and Sandy Lummer for the sake of concealing all of his unethical practices and failing aquatics programing for the past 3 to 5 years. Around October 2015, I first discovered that the Rec Trac System was being manipulated by other participating staff in supervisory positions; the numbers were being inflated (when reporting to the city) in order to make the program look productive. When I asked Kris about it, he told me just do what I am told. <u>I refused and sought a solution higher up with then CPO Shonnda Smith</u> who to no avail down played the situation stating, Y'all work it out. After receiving no intervention, I continued to refuse the dirty task at hand causing more friction between me and my immediate manager Kristopher Lewis who began to administer calculating antics to try to sabotage the great work and progress I was making with the participants."

- My swim classes were cut denying students an opportunity to advance.

- He changed the swim lessons schedule following each session so that continuing students were left out.

- Denied me the opportunity to further my education implementing extreme hurdles (changing my work schedule at will to conflict with my academic schedule) and coercion when fill other aquatics staff members were allowed to attend school without prejudice and had a customized schedule.

- Forced me in a compromising position to resign because he, "didn't think I needed to go to school." This was happening to me because I became a whistleblower drawing attention to these illicit actions and people were starting to question my contentions.

- Made false reports against me that were immediately addressed by the upper staff to start a paper trail which became a pattern of his. However, when I requested to meet with upper staff, I was denied or told to deal "with it."

Sandra Lummer

10

Plaintiff Sandra Lummer was hired by NORD in April 2018 and worked continuously as an aquatics director until she was terminated in September 2018 because of her race and sex; and in retaliation for the complaints she made about the discriminatory treatment of others whom she supervised.

11

The scope and nature of the complaints and the adverse action against Lummer are set forth hereinbelow in her own words:

6

"My former employer's retaliatory action, termination, is a direct result of my accepting and forwarding several claims of harassment, bullying and discrimination brought to me by 4 female employees who reported information/action/verbal remarks, directed at themselves and others on the job, including myself. The reports include a violation of sexual harassment on the job, a violation of sexual harassment law, and other unethical discriminatory employment acts including retaliation, related to the duties of public employment. The aggressors are 4 black male Aquatic Managers employed by City of New Orleans, Recreation Development Commission.

At the onset of my position in late May 2018, I realized that I had entered a huge employment mess. Reading paperwork left from the last Aquatics Director (fired 3 years previous) I realized that the way I was being treated by three of four black male-aquatic managers I supervised, was consistent with the way they treated other employees and the past Aquatic director, another white female. The harassment and bullying has been directed towards female employees and myself. The targets are 4 female guards and myself, that have registered complaints at NORD. These women came to me, verbally reported indiscretions and then put their complaints in writing. I immediately forwarded those statements to HR, the CPO and CEO. Over three weeks later the complainants had not been called in for any conversation or counseling over their complaints. The aggressors were called in, I was omitted from the meeting, I was the direct supervisor of the four black males who have been bullying, intimidating and harassing employees and myself.

The four black aquatic managers had been openly objecting and verbally slandering myself, an older white woman with much more experience than themselves. I was treated with extreme disrespect. This was noticed by other staff.

7

Soon other female employees and past employees contacted me to step forward about the intimidation, bullying and harassment they experienced. One made an accusation of sexual harassment. A manager had made unwelcome remarks about her body and the bodies of female patrons. One employee was openly discriminated against overlooked for a year-round full-time position. After the offer was made to her, it was withdrawn because she had spoken to me, the Aquatic Director, and supervisor of the four male managers. A male employee with a poor work record was hired, by the same manager that had ask for him to be terminated less than two weeks previously due to no call no show.

I forwarded everything as statements came to me to HR and my supervisor. I felt something needed to be done. There had already been one incident of sexual misconduct against one of our male senior guards and I was being approached by other female guards about things that were said to them.

One female lifeguard was denied a full-time year-round position simply due to the fact that she called the office to speak to me. The female employee who was pushed out of the full-time position was told that she had not followed instructions. She had spoken to me. Manager David Reed.

Another female employee, who was overheard arranging a face to face with me, was told to record her conversation with me."

Three weeks later, there had been no action by the HR department, or the CEO in this action. However, I had been called in and a false claim of my ability to lead this team of aquatic managers was brought forward. I ask if anything had been done with the information I had forwarded to the CEO. I was concerned that the issues were not addressed.

I was accused of fishing for information against my subordinates the managers. I had not. These young ladies and several gentlemen had come forward on their own, tired of the treatment they had received.

Several days later, there was a meeting of my subordinates and the CEO to address the concerns. I was not invited. The CEO leaned on me more, pressuring me to have meetings with the managers, and to pull them in on every decision I was making. I literally had my authority stripped from me by my superior, in favor of allowing the four managers to act in my place, to preform my duties as they had been doing for the three years there had been no Aquatic Director. They were my subordinates. They had claimed I was disrespectful to them, there was a grievance filed against me. Both my supervisor, the CPO and the CEO told me to take these individuals out for coffee, and make peace with them. Get to know them personally.

Instead I reported the behavior to a new appointee by the mayor, a chief of staff.

Not two days after, it was realized that the whole mess of the complaints,

which had still not been addressed by the CEO, had been e-mailed to the chief

of staff, (On one of the e-mails I had included to: chief of staff and the CEO and HR.) on Wednesday morning the 22 August, 2018 I received a phone call asking why I had forwarded information to the Chief of Staff. I simply stated that she had ask for the information. Two hours later I was terminated for not leading my team effectively, and for time card errors. 23 August 2018. There are no time card errors. A simple inspection of all ADP payroll for our guards would show that. In fact there is an e-mail that Alline McDonald, part time summer Aquatic Assistant, takes full responsibility for all Aquatic ADP, payroll.

I attempted to supervise these four managers who were undermining, slandering and sabotaging me. This is documented in statements the four female guards made. They took a petition to the pools and intimidated guards to sign. They filed a grievance. They hung out by my office so they would know what I was doing and who I was speaking to. I refused meetings with individual managers or with all four together, fearful of what they would make up against me next. The managers gathered together against me to make false claims.

Three weeks later, the CEO finally met with the complainants, four female guards. She had included the manager who was accused in each meeting. Target meets aggressor. None of the issues brought forward by the young ladies was addressed. In fact the CEO just wanted everyone to get along. The accusations these young ladies have brought forward shows a pattern of poor work place ethics.  Bullying, harassment, intimidation.  I brought all these issues forward to NORD officials in hopes that the individuals who were mistreating staff would be exposed as well as the practices which are not productive in a work environment. That Wednesday that I was ask about why I had talked to someone else about the complaints I was terminated.

I was on probation when I was terminated. However, I realize that I was being bullied and harassed not only by these four managers but also by my supervisors, the CPO and the CEO. Kristopher Lewis & Marques Green discriminated against me because I am over 40, white, and female. Dave Reed & Warren Matthews have discriminated against me because I am not black or male.

While I believe they played a big part in my termination, I also feel that I was terminated for bringing forward the improper behaviors of 4 Aquatic Managers.  I have stirred up a hornets nest. Past employees have spoken to me. There is a chain of improper behaviors at my past work

place. I was wrongfully terminated for reporting the numerous claims of work place misbehavior.

It took three weeks for the HR and CEO to address these issues, and they are not currently solved. In fact the female guards· along with several male employees have filed grievances against the CEO and the managers. The everyday behaviors of bullying, intimidation disrespect and constant threats continues. This created a hostile workplace I was forced to work in, it existed prior to my arrival. Without the support of superiors to solve the issues and discipline or terminate the offenders, these workplace indiscretions will continue, and I will not be the only victim. As for me, I was wrongfully terminated for reporting and escalating these issues to the next level, a whistle blower."

12

That in July 2018, plaintiff complained to Human Resources Director, Deborah Calderon and Maya Wyche (acting CEO) about the rampant sexual harassment and discrimination against four female employees. This action resulted in open antagonisms by the four black managers and initiated efforts to get her terminated.

13

That in August 2018, plaintiff Lummer complained to Judena Boudreaux about sexual harassment and discrimination of four black female employees demonstrated by the four managers. As a result of this complaint, the managers, Kristopher Lewis, David Reed, Marques Green, and Warren Matthews contrived to tape all of the meetings held by Lummer; circulated a

petition to have her fired; and encouraged patrons to make false accusations and complaints to Maya Wyche at the NORD office.

14

That plaintiff complained about the mistreatment and discrimination leveled against "ZACK", a gay employee by the managers to Shonnda Smith (CPO); and to Smith about the sexual exploitation of a minor child by Kevin Gibson (Senior Lifeguard) in July 2018. As a result of these complaints, she was stripped of authority over the managers. In effect, she was demoted.

15

That plaintiff Rufus Johnson asserts and believes that he was subjected to retaliatory actions for complaining about the violation of the constitutional rights of others. Accordingly, he is entitled to be reinstated to the position of senior lifeguard or higher position that meets his qualifications; back pay, and damages for the intentional infliction of emotional distress and counsel fees.

16

That plaintiff Sandra Lummer asserts and believes that she was discriminated against because of her race and sex; and subjected to retaliatory action, for complaining about the violations of the constitutional rights of others. Accordingly, she is entitled to reinstatement to the position of aquatics director; back pay, and damages for the intentional infliction of emotional distress and counsel fees.

17

Plaintiff Johnson filed a charge of retaliation with the Equal Employment Opportunity Commission regarding defendants' discriminatory conduct on May 13, 2019.

The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on May 22, 2019.

18

Plaintiff Lummer filed a charge of discrimination (race and sex) with the Equal Employment Opportunity Commission regarding defendants' discriminatory conduct on May 15, 2019.

The Equal Employment Opportunity Commission has not issued a Notice of Right to Sue letter.

Wherefore, plaintiffs Rufus Johnson and Sandra Lummer pray for Judgment against both defendants, the City of New Orleans and New Orleans Recreation Development Commission together with ordering their reinstatement to their previous employment plus compensatory and punitive damages.

Further pray for trial by jury as to liability and damages.

Further pray for attorney's fees under 42 U.S.C. Section 1988 and all cost of these proceedings.

Robert E. Piper
Attorney at Law
1465 North Broad Street
New Orleans, LA 70119
(318) 465-5110
FAX: (504) 371-5573
Bar No. 10552