# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUFUS JOHNSON & SANDRA LUMMER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-12272** |
| **THE CITY OF NEW ORLEANS & NEW ORLEANS RECREATION DEVELOPMENT COMMISSION** | **SECTION: T** |

## ORDER

Before the Court is a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (R. Doc. 13) filed by the City of New Orleans. Rufus Johnson and Sandra Lummer ("Plaintiffs") have not filed an opposition. For the following reasons, the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (R. Doc. 13) is **GRANTED.**

## BACKGROUND

Plaintiffs bring this action against their former employer, New Orleans Recreation Department ("NORD"), for alleged employment discrimination and retaliatory discharge in violation of the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e to 2000e-17, and Louisiana Revised Statutes § 23:967 and § 23:332.[1] Plaintiffs seek reinstatement to their respective positions, back pay, damages for the intentional infliction of emotional distress, and attorney's fees.

NORD hired plaintiff Rufus Johnson ("Johnson") in April 2013, and he worked continuously for the department until September 2017 as a senior lifeguard, at which time he was forced to resign. He returned to work in June 2018 and worked at NORD until September 2018. Johnson alleges that the New Orleans Recreation Development Commission ("NORDC") decided

---

[1] R. Doc. 1.

to release him because he defended and supported co-plaintiff, Sandra Lummer ("Lummer"), in September 2018. During the course of his employment, he complained about the mistreatment of patrons, and the discriminatory actions of others vis-à-vis Lummer and several other co-workers.

Johnson alleges that he complained to Maya Wyche and the CEO's office that NORD was defrauding the taxpayers of public funds by inflating the number of children being served by the program, improperly training the children, and improperly training the life guards. Johnson also alleges that when he complained to Judena Boudreau, Chief of Staff of NORD, in August 2018 about the discriminatory treatment of Lummer, NORD refused to give him a permanent position as a senior lifeguard notwithstanding his tenure and experience. Their failure to do so was a direct result of his history of complaining about illegal activities and blatant racism and discrimination against Lummer. In February 2017, Johnson also complained to the CEO about the mistreatment of an autistic child by Kristopher Lewis who removed the child from Sanchez Pool because of the child's disability and Lewis' refusal to accommodate the child. As a result of this complaint, management cancelled Johnson's advanced swimming classes, encouraged another lifeguard to file a false sexual harassment complaint against him, and transferred him to another pool. Johnson alleges that defendants violated his First Amendment rights under the United States and Louisiana Constitutions by terminating his employment and taking various other adverse employment actions against him because he complained about discriminatory acts against Lummer and other co-workers.

NORD hired Lummer, an older Caucasian woman, in April 2018, and she worked continuously as an aquatics director until she was terminated in September 2018 allegedly because of her race and sex and in retaliation for the complaints she made about the discriminatory treatment of others whom she supervised. Lummer alleges that NORD retaliated against her by

terminating her when she accepted and forwarded several claims of harassment, bullying and discrimination brought to her by four female employees who reported harassing actions and verbal remarks directed at them and others on the job, including herself. The reports included violations of sexual harassment on the job, violations of sexual harassment law, and other unethical discriminatory employment acts including retaliation, related to the duties of public employment. The aggressors are four black male aquatic managers employed by NORDC.

Lummer maintains that her authority was stripped from her after she filed the reports with the Human Resources Department. After she forwarded the reports to the Chief of Staff, she was questioned and terminated for not leading her team effectively and for time card errors. She alleges that the four male managers slandered and sabotaged her with management. She contends that NORD never acted on the reports, only asking everyone to get along. Lummer alleges that NORD created a hostile-work environment in which she was forced to work.

The City has now filed a motion to dismiss all claims against NORDC, Lummer's Title VII claims, Plaintiffs' claims urged on behalf of others, Johnson's Title VII racial discrimination claim, and claims under La. R.S. § 23:967.

## LAW AND ANALYSIS

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[2] Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

---

[2] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

3

undisputed facts plus the court's resolution of disputed facts."[3] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[4] Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[5]

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[6] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[7] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[9] and the documents attached to the complaint.[10] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[11] which includes matters of public record.[12]

### A. Lummer's Title VII Claims

The City contends the Court lacks jurisdiction over Lummer's Title VII claims because she did not receive a Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC") prior to filing suit, and, therefore, failed to exhaust her administrative remedies. A plaintiff must exhaust her administrative remedies before pursuing employment discrimination claims in federal court.[13] This exhaustion occurs when the complainant files a charge with the

---

[3] *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir.2009).
[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[5] *Ramming*, 281 F.3d at 161 (*citing Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[6] Fed. R. Civ. P. 12(b)(6).
[7] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[9] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[10] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[11] *Lovelace v. Software Spectrum Inc*., 78 F.3d 1015, 1018 (5th Cir. 1996).
[12] *Norris v. Hearst Tr*., 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[13] *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378-79 (5th Cir. 2002).

Equal Employment Opportunity Commission, § 2000e-5(e)(1), (f)(1); 29 U.S.C. § 626(d), and then "receives a statutory notice of right to sue."[14] This charge-filing prerequisite to suit is a non-jurisdictional claim-processing rule that "promote[s] the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."[15] To be sure, "[a]dministrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted."

Here, Lummer filed suit on August 22, 2019. In her complaint, she concedes that she did not receive a Right to Sue Notice from the EEOC prior to filing suit. The appropriate disposition of Lummer's unexhausted Title VII claim is dismissal without prejudice. Lummer may return to Court after she has exhausted her administrative remedies.

### B. Johnson's Title VII Racial Discrimination Claim

The City contends the Court lacks jurisdiction over Johnson's Title VII racial discrimination claim because there is not any allegation of racial discrimination against Johnson set forth in the particulars of his EEOC charge. In the particulars section of the EEOC charge, Johnson concludes, "I believe I have been discriminated against based on my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended." However, Johnson failed to make any factual allegations to support that he was subjected to racial discrimination. For example, Johnson claims, "each time I tried to apply for a management position I was told that I was a few qualifications short," but makes no allegation related to race. By failing to state any alleged acts of racial discrimination in the particulars of the EEOC charge, Johnson has failed to exhaust his administrative remedies related to his Title VII racial discrimination claim.

---

[14] *Taylor*, 296 F.3d at 379.
[15] *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019).

### C. Claims Against NORDC

The City also claims that the Court lacks jurisdiction over NORDC as a City department because it has no legal status subjecting it to being sued. Federal Rule of Civil Procedure 17(b) provides in relevant part:

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile ... In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held....

This Court will look to Louisiana law in order to determine whether NORDC has the capacity to be sued. In *Roberts v. Sewerage and Water Board*, 634 So.2d 341 (La. 1994), the Supreme Court of Louisiana set forth the framework within which to determine whether an entity is a juridical person, stating:

> [T]he determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

The City operates under a home rule charter plan of government, pursuant to Article VI § 4 of the Louisiana Constitution. NORDC was established pursuant to the City's home rule charter. The Louisiana Third Circuit Court of Appeal has found that the City Council of Lafayette, which was organized under a home rule charter, had no capacity to sue or be sued.[16] Similarly in this case, the Court finds that there is no authority that confers juridical personality on NORDC. Because NORDC is not capable of being sued under state law, it is not subject to suit under Title VII.[17]

---

[16] *City Council of Lafayette v. Bowen*, 649 So.2d 611, 616 (La. Ct. App. 1994).
[17] *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).

### D. Plaintiffs' Claims on Behalf of Others

The City moves to dismiss Plaintiffs' claims asserted on behalf of other co-workers and patrons of NORDC contending Plaintiffs have no standing to assert claims on behalf of others. A review of Plaintiffs' complaint demonstrates that Plaintiffs do not seek to assert claims on behalf of others. Therefore, the Court will not address any such claims.

### E. Plaintiffs' Claims under La. R.S. § 23:967

The City contends Plaintiffs failed to state a whistleblower claim pursuant to La. R.S. § 23:967 by failing to identify a specific state law that has allegedly been violated. The Louisiana Whistleblower Statute, La. R.S. § 23:967, protects employees against "reprisal" for disclosing an employer's illegal activity. The Whistleblower Statute provides:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.[18]

The City asserts Plaintiffs have failed to assert the required elements for claiming a valid state whistleblower claim under La. R.S. § 23:332, Louisiana State's anti-discrimination law. The City contends Plaintiffs do not state that La. R.S. § 23:332 was violated, if so how, by whom, when and in what manner, to whom in authority the alleged violation was reported, and thereafter what adverse employment action they suffered and when they suffered such adverse action to make a causal link between the reporting and a subsequent adverse action. After reviewing Plaintiffs'

---

[18] La. R.S. § 23:967(A).

complaint, the Court finds Plaintiffs have failed to allege facts to establish the required elements for claiming a valid state whistleblower claim.

## CONCLUSION

Accordingly, the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (R. Doc. 13) is **GRANTED,** and all claims against New Orleans Recreation Development Commission are **DISMISSED WITH PREJUDICE.** Sandra Lummer's Title VII claims, Rufus Johnson's Title VII racial discrimination claims, and all claims under La. R.S. § 23:967 are **DISMISSED WITHOUT PREJUDICE.** Sandra Lummer and Rufus Johnson are granted leave to file an amended complaint within twenty-one (21) days of this order.

**New Orleans, Louisiana**, on this 18th day of March, 2020.

                                          **GREG GERARD GUIDRY**
                                          **UNITED STATES DISTRICT JUDGE**