**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RUFUS JOHNSON & SANDRA LUMMER**                    **CIVIL ACTION**

**VERSUS**                                                                     **NO: 19-12272**

**THE CITY OF NEW ORLEANS & NEW**                    **SECTION: T**
**ORLEANS RECREATION**
**DEVELOPMENT COMMISSION**

## ORDER

Before the Court is a Motion for New Trial Pursuant to F.R.C.P. Rule 59 or, in the Alternative, Motion for Relief from Judgment/Order Pursuant to F.R.C.P. Rule 60 filed by Sandra Lummer ("Plaintiff").[1] The City of New Orleans has filed an opposition.[2] For the following reasons, the Motion for New Trial Pursuant to F.R.C.P. Rule 59 or, in the Alternative, Motion for Relief from Judgment/Order Pursuant to F.R.C.P. Rule 60[3] is **DENIED.**

## BACKGROUND

Plaintiff brought this action against her former employer, New Orleans Recreation Department, for alleged employment discrimination and retaliatory discharge in violation of the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e to 2000e-17, and Louisiana Revised Statutes § 23:967 and § 23:332.[4] Plaintiff sought reinstatement to her position, back pay, damages for the intentional infliction of emotional distress, and attorney's fees.

On March 18, 2020, the Court issued an order granting the City's Motion to Dismiss under F.R.C.P 12(b)(1) and 12(b)(6) dismissing all claims against the New Orleans Recreation

---

[1] R. Doc. 28.
[2] R. Doc. 33.
[3] R. Doc. 28.
[4] R. Doc. 1.

Development Commission ("NORDC") with prejudice and dismissing Plaintiff's Title VII claims and La. R.S. 23:967 claims without prejudice.[5] The Court granted Plaintiff leave to file an amended complaint within twenty-one (21) days of the ruling in order to move forward with all claims that were dismissed without prejudice. Plaintiff, however, failed to file an amended complaint.

Plaintiff has now filed a Motion for New Trial Pursuant to F.R.C.P. Rule 59 or, in the Alternative, Motion for Relief from Judgment/Order Pursuant to F.R.C.P. Rule 60.

Federal Rule of Civil Procedure 59 (a)(1) provides that the court may grant a new trial on all or some of the issues--and to any party--as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In this case, there was no trial and no verdict regarding any of the issues raised in Plaintiff's motion. The only final judgment in the Court's March 18, 2020 order was on Plaintiff's claims

---

[5] R. Doc. 24.

against NORDC because the Court dismissed NORDC with prejudice. The Court dismissed Plaintiff's remaining claims without prejudice and granted Plaintiff leave to amend the complaint. Therefore, the Court finds Plaintiff's requests under Federal Rules of Civil Procedure 59 and 60 to be procedurally improper.

## CONCLUSION

Accordingly, the Motion for New Trial Pursuant to F.R.C.P. Rule 59 or, in the Alternative, Motion for Relief from Judgment/Order Pursuant to F.R.C.P. Rule 60[6] is **DENIED.**

**New Orleans, Louisiana**, on this 28th day of April, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 28.