UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUFUS JOHNSON, et al.                          CIVIL ACTION

VERSUS                                         NO: 19-12272

CITY OF NEW ORLEANS                            SECTION: T (3)

## ORDER AND REASONS

Before the Court are dueling Motions in Limine, R. Docs. 117, 131. For the following reasons, Plaintiffs', Rufus Johnson and Sandra "Sandy" Lummer, motion, R. Doc. 117, is **DENIED**. The defendant's, the City of New Orleans ("the City"), motion, R. Doc. 131, is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This is an alleged employment discrimination case. Johnson is a black male and Lummer is an older white female. R. Doc. 124-7 at ¶ 2, 4. Both were employed by the New Orleans Recreation Department ("NORD"), a division of the City. R. Doc. 1.

The Court recently provided a detailed summary of the relevant factual and procedural history in its recent order on Plaintiffs' Motion for Summary Judgment. R. Doc. 141. However, the Court will briefly summarize the claims.

Lummer was employed as NORD Aquatics Director from the spring of 2018 until her termination in August or September of 2018.[1] R. Doc. 135-2 at ¶ 7; R. Doc. 124-7 at ¶ 13. She

---

[1] The City contends Lummer was hired on May 23, 2018. Plaintiffs contend Lummer was hired in April 2018. The City contends Lummer was terminated on August 22, 2018. Lummer contends she was terminated in September 2018.

1

contends her termination was based on her race and sex, and in retaliation for making protected statements. R. Doc. 124-7 at ¶¶ 13, 14. She also alleges she was subject to a hostile work environment in a multi-faceted harassment campaign by four black male aquatics managers, Kristopher Lewis, David Reed, Marques Green, and Warren Matthews, ("the Managers") to get her terminated. R. Doc. 124-7 at ¶¶ 13, 14. She maintains the Managers were insubordinate, eavesdropped and taped her meetings, encouraged lifeguards to make false complaints against her, and accused her of being racist. R. Doc. 124-4 at ¶¶ 13, 14, 23, 44, 65, 84. Lummer contends these actions eventually resulted in her termination. R. Doc. 124-7 at ¶¶ 13-14

Johnson was employed by NORD as a summer lifeguard in June 2018. He had previously worked as a NORD lifeguard from April 2013 to September 2017. *Id.* at ¶ 5.  Johnson contends he, too, was subject to adverse employment action and harassment because he complained about Lummer's treatment to NORD Chief of Staff Judena Boudreau. R. Doc. 124-7 at ¶ 7. As a result, Johnson alleges the Managers verbally harassed him and threatened to fire him from his summer lifeguard position, which led to NORD deciding not to offer him a full-time position in September 2019 despite his experience, tenure, and qualifications. *Id.* at ¶ 11.

The City disputes, almost in its entirety, Plaintiffs' accounts. The City contends neither made any complaints nor suffered any adverse employment action because of a protected reason. *See, e.g.*, R. Doc. 135-2 at ¶¶ 6, 10. For Johnson, the City contends his summer-time employment merely expired and the City tried to interview him for a full-time position. R. Doc. 135-2 at ¶ 3. And for Lummer, the City maintains her actions caused her termination for "fail[ure] to lead effectively, ma[king] repeated disrespectful remarks toward her staff, treat[ing] staff disrespectfully, fail[ure] to heed coaching and counselling sessions, and fail[ing] to appropriately

handle payroll discrepancies." *Id.* at ¶ 8.

Plaintiffs asserts violations for race and sex discrimination as to Lummer, retaliation and hostile-work environment claims for both plaintiffs, all under Title VII, and Louisiana Whistleblower violation for both Plaintiffs. *See* R. Docs. 1, 49.[2] After multiple continuances, the Court set trial for August 25, 2025. R. Doc. 116. The deadline to file all motions, including motions for summary judgment and motions in limine, was July 2, 2025. *Id.* Plaintiffs timely filed their motion in limine on June 18, 2025, and a motion for summary judgment. R. Doc. 117. The Court denied Plaintiffs' motion for summary judgment. R. Doc. 141. The City moved for leave to file an untimely motion in limine and filed its motion in limine on July 3, 2025. R. Docs. 130, 131.

## LAW & ANALYSIS

This district has long disfavored motions in limine. *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (internal citations omitted). "[A] motion in limine [] prohibit[s] opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'" *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022). Courts typically reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1. "Denial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether

---

[2] The hostile-work environment claims are also brought under the LEDL. *See* R. Doc. 49 at ¶¶ 10, 12, 13

the evidence should be excluded." *Auenson*, 1996 WL 457258, at *1.

"Evidence is relevant" if "it has any tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Federal Rule of Evidence 403 allows the Court to exclude prejudicial evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403."'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Relevant evidence is inherently prejudicial; but it is only *unfair prejudice*, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (emphasis added). "The exclusion of evidence under Rule 403 should occur only sparingly[.]" *Id.* "[E]vidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).

Plaintiffs' motion seeks "to exclude from trial all the evidence [the City] intend[s] to use at trial." R. Doc. 117 at p. 1. They argue the City failed to include all or most substantive evidence in its Rule 26 initial disclosures and, therefore, it should be prohibited from introducing this evidence at trial. R. Doc. 117-1 at p. 2. The argument is factually inaccurate and nonsensical. The City timely provided its initial disclosures on March 7, 2020. R. Doc. 134-1. The City notified the Court of this disclosure on April 20, 2020. R. Doc. 31 at p. 3. The disclosures do identify, albeit

vaguely, documents the City had in its possession that are relevant to this action. *See* R. Doc. 134-1. Had Plaintiffs thought the City's production to be deficient, they could have filed a motion to compel at any point during these last five years. They did not. A motion to compel is the proper vehicle to move for an order compelling disclosure of discovery. Fed. R. Civ. P. 37; *see, e.g.*, *Johnson-Richardson v. Tangipahoa Par. Sch. Bd., No*. CIV.A. 12-00140, 2013 WL 4774476, at *2 (E.D. La. Sept. 4, 2013) (example of how to remedy a deficient disclosure via Rule 37 in a motion to compel). The discovery deadline has now long since passed, and the Court will not allow Plaintiffs' eleventh-hour motion in limine to warrant wholesale exclusion of the City's case-in-chief.

The Court now turns to the City's motion. It asks the Court to prohibit any mention or reference to any unauthenticated audio recording and third-party complaints about discrimination or harassment. R. Doc. 131.

First, the City seeks to exclude an audio recording that purportedly reflects statements by NORD employees at a NORD facility ("the Recording"). R. Doc. 131-1 at p. 2. Because Plaintiff Johnson admitted he received the Recording from a non-party and Plaintiffs do not offer an affidavit or demonstrate they could authenticate it at trial, the City argues the Recording should be excluded under Fed. R. Evid. 901(A) and as inadmissible hearsay. *Id.* Plaintiffs maintain they intend to authenticate the Recording through lay witness testimony at trial and contend the Recording will fall under a hearsay exception. R. Doc. 133 at pp. 2-3.

The Court holds it is premature to rule on the Recording's admissibility. Audio recordings may be authenticated through the testimony of a witness with personal knowledge of the conversation. *United States v. Sterling*, 550 F. Supp. 3d 358, 361 (M.D. La. 2021) (citing *United*

5

*States v. Lance*, 853 F.2d 1177, 1181–82 (5th Cir. 1988)). Rule 901 indicates that a voice may be properly identified "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." *United States v. Norman*, 415 F.3d 466, 472 (5th Cir. 2005). Plaintiffs claim they will satisfy these hurdles at trial. In the meantime, the City does not provide any information regarding what is said during this conversation. Therefore, the Court cannot evaluate whether the statements are covered under a hearsay exception or is presented with a proper authenticating witness. In similar motions in limine, courts have delayed rulings to allow the moving party to authenticate the recording, present the hearsay exception in context, and lay a proper foundation at trial. *See, e.g.*, *Mason v. CB&I LLC*, No. 2:17-CV-01596, 2019 WL 13293048, at *4 (W.D. La. Dec. 11, 2019) (authentication); *United States v. Akula*, No. CR 21-98, 2023 WL 4235568, at *6 (E.D. La. June 28, 2023) (hearsay). The Court will accordingly defer judgment here. Plaintiffs have the burden of proving admissibility at trial, and Defendants can re-raise the objections at trial, if appropriate.

Next, the City seeks to exclude any reference to third-party complaints of discrimination or harassment against NORD or its employees arguing such evidence is irrelevant and unfairly prejudicial. R. Doc. 131 at pp. 2-3. It contends Fed. R. Evid. 404(b) prohibits the introduction of prior wrongs, in this case third-party harassment complaints, to show that the Managers discriminated or harassed Plaintiffs. *Id.* While the City concedes that third-party reports of discrimination or harassment may be relevant to Plaintiffs' retaliation claims, should the Court admit any evidence of third-party harassment or discrimination, the City moves for a limiting instruction that "evidence of third-party complaints cannot be used to infer either (1) that the discrimination alleged in the third-party complaint occurred or (2) that NORD [] discriminated

against either Plaintiff on the basis of their race or sex." *Id.*

The Court finds evidence of third-party complaints of harassment relevant to Plaintiffs' claims. If Plaintiffs reported contemporaneous third-party harassment to NORD supervisors it supports that they opposed an unlawful employment practice, a required element for retaliation. 42 U.S.C. § 2000e-3(a); (opposing an unlawful employment practice is a required element in a retaliation claim). For the hostile work environment claim, evidence NORD dealt with similar harassment complaints from the same alleged instigators tends to show NORD knew or should have known of Plaintiffs' alleged harassment. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (discussing required elements for hostile work environment). And evidence Lummer's predecessor, another white female, was harassed in the same way, while not admissible to show Lummer was subject to harassment, could indicate a *modus operandi* of persistent race- and sex-based harassment by the Managers for white female directors at NORD. *See Alaniz v. Zamora-Quezada*, 591 F.3d 761, 774-775 (5th Cir. 2009).

However, the Court will not order blanket exclusion under Rule 403 because the Court lacks context to assess possible prejudicial effect. "Applying Rule 403 to determine if evidence is prejudicial . . . requires a fact-intensive, context-specific inquiry." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The City's motion is devoid of such facts and prematurely asserts *all* complaints of third-party harassment are unfairly prejudicial. *See* R. Doc. 131. Naturally, some evidence of previous harassment may be more unfairly prejudicial to the City than others given the scope of the alleged harassment, its similarity to Plaintiffs' claims, and the extent of the testimony. *See, e.g., Hitt v. Connell,* 301 F.3d 240, 249–50 (5th Cir. 2002) (determining that the admission of evidence that a supervisor discriminated against third parties

was probative to motive and did not run afoul of Fed. R. Evid. 403). The Court lacks context here and will not blindly exclude such evidence. The City is, nonetheless, free to make specific objections to specific testimony at trial.

In the meantime, the Court will grant the City's request for a limiting instruction that "third-party complaints cannot be used to infer NORD or its employees acted in conformity therewith to discriminate against Plaintiff Lummer on the basis of her race or sex." In a Title VII sex discrimination and retaliation case, the Fifth Circuit noted evidence of prior harassment directed to third parties could not be used to show the alleged harasser "act[ed] in conformity therewith" against the plaintiffs. *Alaniz*, 591 F.3d at 774 (citing Fed. R. Evid. 404(b)). Therefore, evidence the Managers previously harassed others cannot be used to infer they acted in accordance with their previous acts and harassed Plaintiffs. Because such evidence is at least inadmissible for this purpose, propensity, should any third-party complaints survive a Rule 403 objection at trial, the Court will issue the above limiting instruction. *See, e.g.*, *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 265 (5th Cir. 1980) (citing Fed. R. Evid. 105).

Accordingly,


**IT IS ORDERED** that Plaintiffs' Motion in Limine, R. Doc. 117, is **DENIED**.


**IT IS FURTHER ORDERED** that the City's Motion in Limine, R. Doc. 131, is **GRANTED IN PART AND DENIED IN PART.** If and when appropriate, the Court will issue a limiting instruction that "third-party complaints cannot be used to infer NORD or its employees acted in conformity therewith to discriminate against Plaintiff Lummer on the basis of her race or

sex."

New Orleans, Louisiana, this 6th day of August 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE